IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSIE GROSS,<br>212 Morgan Street NW<br>Washington, DC 20001-1288<br><br>*Plaintiff*<br><br>v.<br><br>PAR, INC. d/b/a PAR NORTH AMERICA<br>13085 Hamilton Crossing Blvd.<br>Carmel, IN, 46032<br><br>AND<br><br>METRO INVESTIGATION & RECOVERY<br>SOLUTIONS, INC. d/b/a FINAL NOTICE<br>LOCATION & RECOVERY, LLC<br>4501 Curtis Avenue<br>Suite 13<br>Baltimore, MD 21226<br><br>AND DOES 1-10 inclusive,<br><br>*Defendants* | Civil Action No. 1:16-cv-2364 |

**COMPLAINT**

Plaintiff Jessie Gross ("Gross") hereby files his complaint against PAR, Inc. d/b/a PAR North America ("PAR") and Metro Investigation & Recovery, Inc. d/b/a Final Notice Location & Recovery, LLC ("Final Notice") (collectively "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3904 *et seq.*, and conversion.

# I.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Gross's FDCPA claims under 15 U.S.C. § 1692k(d) without regard to the amount in controversy.

2. This Court also has subject matter jurisdiction over Gross's claims under 28 U.S.C. § 1332(a) in that complete diversity of citizenship exists between the parties because Gross is a District of Columbia resident, PAR is an Indiana corporation, Final Notice is a Maryland limited liability company, and the amount in controversy exceeds $75,000.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) in that all of the Defendants' acts or omissions giving rise to Gross's claims occurred in this jurisdiction.

# II.

## PARTIES

4. Gross is a sui juris adult resident in the District of Columbia.

5. Gross is a consumer as defined by 15 U.S.C. § 1692a(3) in that the subject 2007 Acura RDX ("Vehicle") was purchased for personal, family or household purposes.

6. PAR is, and at times mentioned herein was, an Indiana corporation with a principal place of business located at 13085 Hamilton Crossing Blvd., Carmel, IN, 46032.

7. PAR is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that PAR is an automobile repossession agency using the instrumentalities of interstate commerce for the principal business purpose of enforcing security interests under 15 U.S.C. § 1692f(6)(A). PAR holds itself out as the "leading nationwide provider of vehicle

transition services with coast-to-coast solutions for recovery management, skip tracing, remarketing and title services"[1]

8. PAR is, and at all times mentioned herein was, a merchant as defined by District of Columbia Code § 28-3901(a)(3) in that PAR sells, transfers or supplies, directly or indirectly, consumer vehicle repossession services in the ordinary course of business that is the subject matter of a trade practice in the District of Columbia. PAR holds itself out as the "leading nationwide provider of vehicle transition services with coast-to-coast solutions for recovery management, skip tracing, remarketing and title services."[2]

9. Final Notice is, and at times mentioned herein was, a Maryland limited liability company with a principal place of business located at 4501 Curtis Avenue, Suite 13, Baltimore, MD 21226.

10. Final Notice is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that it is a licensed repossession agency in the District of Columbia (#600813000002) that uses instrumentalities of interstate commerce in a business the principal purpose of which is the enforcement of security interests under 15 U.S.C. § 1692f(6)(A).

11. Final Notice is, and at all times mentioned herein was, a debt collector under 15 U.S.C. § 1692a(6) in that it is a licensed debt collection agency in Maryland (#5833) regularly engaged, directly or indirectly, in the business of collecting defaulted consumer debts alleged to be owed to another.

12. Final Notice is, and at all times mentioned herein was, a merchant as defined by D.C. Code § 28-3901(a)(3) in that it is a licensed repossession agency in the District of Columbia

---

[1] http://www.parnorthamerica.com/index.html

[2] *Id.*

(#600813000002) that supplies, directly or indirectly, consumer vehicle repossession services in the ordinary course of business that is the subject matter of a trade practice in the District of Columbia.

13.     DOES 1 through 10 are persons or entities whose true names and capacities are presently unknown to Gross, and who therefore are sued by such fictitious names. Gross is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Gross. Gross will seek leave of court to amend his complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

14.     At all times mentioned, except as otherwise stated herein, Defendants were the agent(s) of the other and were acting within the course and scope of such agency and are jointly, severally and vicariously liable to Gross for all damages.

## III.

## FACTUAL ALLEGATIONS

15.     On December 4, 2014, Gross purchased the Vehicle on credit from CarMax Auto Superstores, Inc. under a Motor Vehicle Purchase Agreement ("Agreement") that was financed by the lender, Santander Consumer USA, Inc. ("Santander").

16.     Santander took a security interest in the Vehicle as collateral for the loan.

17.     Santander subsequently alleged that Gross defaulted on his obligations under the Agreement.

18.     Santander hired PAR as an independent contractor to repossess the Vehicle. Santander did not retain the right to control PAR's conduct, and Santander had no dealings with Final Notice.

19.     PAR is a "leading nationwide provider of vehicle transition services" but is not a licensed repossession agency in the District of Columbia as required by DCMR § 16-301.1. PAR regularly solicits claims for collection from Santander, and other secured creditors, and accepts such employment to enforce secured interests in the District of Columbia.

20.     PAR hired Final Notice as its agent and subcontractor to carry out the physical repossession of the Vehicle. PAR controlled the entire repossession process by providing Final Notice with the Vehicle's location, instructing Final Notice to remove the Vehicle after repossession from the District of Columbia to Clinton, MD, and prohibiting Final Notice from allowing Gross to reclaim his personal property unless Gross returned the keys to the Vehicle and paid $150. Final Notice dealt exclusively with PAR during the repossession process, PAR paid Final Notice for repossessing the Vehicle, and PAR negotiated its rates with Final Notice.

21.     Following PAR's instructions, Final Notice repossessed Gross's Vehicle on or about August 11, 2016 in the District of Columbia and seized Gross's personal possessions inside the Vehicle.

22.     Following PAR's instructions, Final Notice relocated and stored the Vehicle in Clinton, MD immediately after repossession.

23.     Gross never received written notice of his right to redeem by registered or certified mail within five (5) days after repossession as required by DCMR § 16-341.4.

24.     Gross never received authenticated notice of his right to redeem as required by D.C. Code § 28:9-611 *et seq*.

25. Gross thereafter travelled to Final Notice in Clinton, MD to reclaim his personal property in the Vehicle. Following PAR's instructions, Final Notice refused to allow Gross to retrieve his personal property unless Gross turned over the keys to the Vehicle and paid $150.

26. Gross nevertheless demanded that his personal property be returned immediately, but following PAR's instructions, Final Notice refused.

27. Defendants thereafter unlawfully discarded all of Gross's personal property.

28. Gross has been injured in the form of agitation, annoyance, emotional distress and undue inconvenience as a result of the Defendants' deceptive debt collection practices.

29. Gross has sustained actual damages, including but not limited to attorney's fees and costs as a direct result of Defendants' unlawful debt collection conduct.

30. The method and manner of Defendants' debt collection practices are intentional, willful, malicious and in open defiance of state and federal consumer protection statutes.

## IV.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

31. Gross repeats, re-alleges and incorporates by reference paragraphs 1-30, inclusive, above, as if fully set forth herein.

32. PAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession or disablement of property without a present right to possession of the Vehicle claimed as collateral through an enforceable security interest by soliciting and accepting employment from Santander to locate and recover the Vehicle in the District of Columbia when PAR is not a licensed repossession agency as required by DCMR § 16-301.1.

33. PAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession or disablement of property without a present right to possession of the Vehicle by hiring and instructing Final Notice as their agent to take possession of the Vehicle in the District of Columbia without a license as required by DCMR § 16-301.1.

34. Defendants violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession or disablement of property without a present right to possession of the Vehicle claimed as collateral through an enforceable security interest because Gross was never given notice of his right to redeem by registered or certified mail within five (5) days after repossession as required by DCMR § 16-341.4.

35. Defendants violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest because Gross was never given authenticated notice of his right to redeem prior to disposition as required by D.C. Code § 28:9-611 *et seq*.

36. Final Notice violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the debt in in falsely claiming that Gross could not obtain his personal possessions from the Vehicle unless he turned over the keys to the Vehicle.

37. Final Notice violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the debt in in falsely claiming that Gross could not obtain his personal possessions from the Vehicle unless he paid $150.

38. Final Notice violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the debt in falsely claiming that Gross could not obtain his personal possessions unless he turned over the keys to the Vehicle.

39.     Final Notice violated 15 U.S.C. §§ 1692e and e(10 by using false, deceptive or misleading representations and/or means to collect the debt in in falsely claiming that Gross could not obtain his personal possessions from the Vehicle unless he paid $150.

40.     Final Notice violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and status of the alleged repossession and storage fees in demanding $150 in fees when such fees exceeded the amounts authorized under DCMR § 16-342.2 and Defendants never provided any prior notice as required by DCMR § 16-341.1-2.

41.     Final Notice violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable conduct to collect the debt in falsely claiming that Gross could not obtain his personal possessions unless he turned over the keys to the Vehicle.

42.     Final Notice violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable conduct to collect the debt in falsely claiming that Gross could not obtain his personal possessions unless he paid $150.

43.     Final Notice violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable conduct to collect the debt in refusing to store the Vehicle in the District of Columbia after repossession to prevent Gross from redeeming and re-taking possession as permitted under DCMR § 16-341.5.

44.     Final Notice violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable debt collection conduct in removing the Vehicle immediately after repossession from the District of Columbia to Clinton, MD to prevent Gross from redeeming and re-taking possession as permitted under DCMR § 16-341.5.

45.     Defendants' unscrupulous debt collection practices would be deceptive, misleading, abusive, and unfair to the least sophisticated consumer.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE CONSUMER PROTECTION PROCEDURES ACT

## DISTRICT OF COLUMBIA CODE § 28-3904 ET SEQ.

46.     Gross repeats, re-alleges and incorporates by reference paragraphs 1-45, inclusive, above, as if fully set forth herein.

47.     Defendants violated D.C. Code § 28-3904(e) by misrepresenting a material fact that has a tendency to mislead in falsely stating that Gross could not retrieve his personal property from the Vehicle unless he provided the keys.

48.     Defendants violated D.C. Code § 28-3904(e) by misrepresenting a material fact that has a tendency to mislead in falsely stating that Gross could not retrieve his personal property from the Vehicle unless he paid $150.

49.     Defendants violated D.C. Code § 28-3904(f) by failing to state that Gross could retrieve his personal property from the Vehicle without providing the keys.

50.     Defendants violated D.C. Code § 28-3904(f) by failing to provide Gross notice of his right to redeem the Vehicle by registered or certified mail within five (5) days after repossession as required by DCMR § 16-341.4 *et seq*.

51.     Defendants violated D.C. Code § 28-3904(dd) by failing to provide Gross with notice of his right to redeem the Vehicle by registered or certified mail within five (5) days after repossession as required by DCMR § 16-341.4 *et seq*.

52.     Defendants violated D.C. Code § 28-3904(dd) by removing the Vehicle from the District of Columbia after repossession and storing the Vehicle in Clinton, MD without providing Gross notice of his right to redeem the Vehicle by registered or certified mail within five (5) days after repossession as required by DCMR § 16-341.4-5.

53. Defendants violated D.C. Code § 28-3904(dd) by falsely claiming that Gross could not obtain his personal possessions unless he paid $150—amounts unauthorized under DCMR § 16-342.2 because no notices were provided as required by DCMR § 16-341.1-2.

54. PAR violated D.C. Code § 28-3904(dd) by accepting employment from Santander to locate and recover the Vehicle, and then hiring and instructing Final Notice as their agent to take possession of the Vehicle without a license as required by DCMR § 16-301.1.

55. Defendants are subject to liability for $1,500 per violation under D.C. Code § 28-3905(k)(1)(A).

56. Defendants are subject to liability for Gross's attorney's fees under D.C. Code § 28-3905(k)(1)(B).

57. Defendants are subject to liability for punitive damages under D.C. Code § 28-3905(k)(1)(C).

## THIIRD CLAIM FOR RELIEF
## CONVERSION

58. Gross repeats, re-alleges and incorporates by reference paragraphs 1-57 inclusive, above, as if fully set forth herein.

59. Defendants' intentional, physical taking and subsequent refusal to return Gross's unsecured personal property in the Vehicle constituted a distinct act of ownership, dominion and control in derogation of Gross's rights.

60. Defendants' unlawful taking, refusal to return, and discarding Gross's personal property in the Vehicle was malicious or with reckless disregard for Gross's rights and interests.

61.     Defendants' unlawful taking, refusing to return, and discarding Gross's personal property damaged Gross in that he suffered the loss of value, use, possession and enjoyment of the property.

62.     Defendants' corporate officers, directors, or agents acted with intent, oppression, fraud or malice, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

## **PRAYER FOR RELIEF**

Gross prays that judgment be entered against Defendants for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive damages;

    D.    Pre-judgment interest to the extent permitted by law;

    E.    Costs of suit and reasonable attorney's fees; and

    F.    For such other and further relief as the court may deem proper.

## **JURY DEMAND**

Gross demands trial by jury.

DATED:  December 3, 2016											Respectfully submitted,


/s/     *Dean Gregory*
Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 905-8058
Facsimile: (202) 776-0136
E-mail: dean@deangregory.com

*ATTORNEY FOR PLAINTIFF*